CaRUTHERS, J.,
delivered the opinion of the Court.
This was an action of debt upon an account for goods to the amount of upwards of thirteen hundred dollars, sold to Gideon Morgan and his family, for which, it is insisted, the defendant became liable. It is not controverted but that the defendant directed the goods to be sold to Morgan, and agreed to be responsible for them, as he had, at the time, a large amount of the money of Morgan in his hands as a loan; but the defence is placed mainly upon the statute of frauds, as it is contended the credit was given to Morgan, and his undertaking is not in writing.
Two very cogent circumstances in proof are relied upon to sustain this defence. 1. The goods were charged upon the books to Morgan, and not to defendant; and, 2, After the death of Morgan, the plaintiff made out the same account against him; and, after making the usual affidavit of its correctness, presented it for payment to the executor of Morgan, who declined paying it, on the ground that it was to be paid by defendant; after which, it was drawn off against Hazen, and this suit instituted. If the law was correctly charged upon these points, there is no ground upon which to disturb the verdict,. as there is evidence to support it, whether for the one side or the other. *50 It is a very fair case for a jury conclusively to determine upon tbe preponderance of evidence. They bave done so, and found against tbe defendant for about thirteen hundred dollars. But was tbe law of tbe case correctly expounded to them? To avoid the application of tbe statute of frauds, which renders any agreement to pay the debt of another void, unless it be in writing, the credit must have been given entirely to the defendant, and not in whole or in part to Morgan. On this point, it is not controverted that the charge was correct. The fact that the goods were charged to Morgan, and not Hazen, was a strong circumstance to show that credit was given to him, and he looked to in the first instance for payment; but it was not conclusive, and might be explained and made consistent with the assumption of defendant’s primary liability. On this point, also, the charge was unquestionably correct, and the jury were satisfied with the explanatory proof, which is to the effect that the account was so kept for convenience, and to avoid confusion and misunderstanding, as Hazen had also an account for his own purchases.
But the stress of the argument here is upon the other point. It is strenuously insisted that no explanation should be allowed of the facts proved, that the account was presented for payment to the executor of Morgan, with an affidavit of its correctness, but that the plaintiff should be repelled from a court of justice. The Court held that this was strong prima facie evidence against the plaintiff; but still, if it appeared that this was done at the request of the defendant, and for his benefit, it would be thereby overcome. We are aware of no principle going to the extent of the position of defendant’s counsel. It is unquestionably true that the facts, unexplained, would lead irre *51 sistibly to the conclusion that the credit was given to Morgan, and he considered primarily if not solely liable for the account; and it was only intended to look to the defendant in the event the other failed, if at all. Yet we hold the law to be, as charged, that all this may be made consistent, by proof, with the hypothesis that the credit was given originally to Iiazen, and that he was all the time regarded as primarily liable for the debt. With this explanatory evidence the jury were satisfied; and it is not for us to weigh the evidence, for the purpose of determining that it preponderates against their finding.
It seems that a part of the account was created while the defendant was a member of the firm; but that was remitted after the verdict, and the objection thus removed.
Shipman was clearly a competent witness, for, although he was a partner of Hazen in the paper-mill, yet he was in no way bound for this or any other individual debt of Hazen.
Affirm the judgment.